UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TENSAS WATER DISTRIBUTION ASSOCIATION INC.** | **CIVIL ACTION NO. 14-1787** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ARCH INSURANCE CO.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

  This a breach of contract case. Plaintiff Tensas Distribution Association, Inc. ("Tensas") brings this claim against its insurer, Arch Insurance Company ("Arch"), for Arch's alleged breach of the parties' insurance contract.

  Pending before the Court is Arch's Motion for Summary Judgment [Doc. No. 23]. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

**I. FACTS**

  On April 4, 2011, an F2 tornado damaged Tensas' water treatment plant and other system components. At the time of the incident, the water treatment plant and other system components were insured by an insurance policy that Arch issued ("the policy"). The policy provided coverage from "direct physical loss or damage to Covered Property." The policy delineates the covered property as well as property that it does not cover. The policy also contains a number of exclusions that preclude coverage, even if there is direct physical loss or damage to covered property.

  After the tornado, Tensas entered into multiple contracts with various entities to restore the water treatment plant. Tensas contracted with Womack & Sons Construction Group ("Womack") to make identified repairs to the water treatment plant and other system components. Tensas also

entered into a contract with Pan American Engineers ("Pan American") to "provide technical services related to securing the Department of Health and Hospitals' approval and to [assist] in technical matters related to the repair efforts following the tornado event." [Doc. No. 1]. In addition to those responsibilities, it is alleged that Pan American inspected the work site to ensure that the work of the various contractors was properly performed, recommended payments to contractors based on work completion and work quality, and negotiated with Arch's third-party adjuster on insurance coverage matters.

The estimated cost of Womack's repairs for the water treatment plant and system components was $1,235,638.00. Womack's actual invoice was $1,093,942.00. Insurance proceeds from Arch covered most of that amount. Tensas also contributed $6,947.11 of its own funds.

After applying the insurance proceeds and Tensas' direct contribution, a balance of $28,016.89 remains, which Arch refuses to pay. The figure is related to "aggregate surface and site repair of the driveway with limestone and the land with top soil and sod."[1] [Doc. No. 25-8, May 13, 2013 Denial Letter]. There is some evidence in the record that the Womack construction efforts necessitated these repairs. Tensas claims that these repairs were part of the construction process, and, therefore, they qualify as damage to "property in the course of construction," which the policy lists as a type of covered property. Arch argues that Tensas cannot recover for damages its own contractors caused. Arch also contends that if the driveway was unpaved, it was "land'" which is not a covered property under Section IV of the policy. Even if the driveway was paved, Arch

---

[1] At different times in the record, the driveway at issue is characterized as paved and unpaved. *See* [Doc. No. 25-9, p. 1, Arch September 20, 2011 Denial Email]. [Doc. No. 23-5, p. 6, March 13, 2013 Denial Letter].

2

contends that compensation for the repairs is not recoverable because the policy excludes "damages caused by vehicles to paved surfaces" from coverage. Finally, Arch argues that Section VI's exclusion for "defective, faulty, or inadequate construction, workmanship, [or] repair" precludes coverage because Womack's construction efforts were defective, faulty, or inadequate.

In addition to the cost of the disputed repairs, Tensas seeks $37,032.23 to compensate Pan American for its negotiation efforts. Arch denies liability for these negotiation efforts as well, arguing that the policy's plain language excludes its responsibility for those payments.

Based on these coverage disagreements, Tensas filed suit in the Sixth Judicial District Court, Parish of Tensas, State of Louisiana ("state court"). On June 20, 2014, Arch removed the case to this Court on the basis of diversity of citizenship. [Doc. No. 1]. On October 7, 2015, Arch filed the instant Motion for Summary Judgment. [Doc. No. 23]. Tensas filed a memorandum in opposition. [Doc. No. 24]. Arch filed a reply. [Doc. No. 25]. The Court is prepared to rule.

## II.    LAW AND ANALYSIS

### A.    Summary Judgment Standard.

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material

fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

**B.    The Pan American Negotiations**

Tensas seeks recompense for the negotiation efforts of Pan American. Arch counters that the policy does not allow the insured to recover for negotiation efforts. Tensas did not address that argument in its memorandum in opposition to Arch's Motion for Summary Judgment.

In this diversity action, Louisiana substantive law applies. *See American Intern. Speciality Lines Ins. Co. v. Canal Indem. Co.*, 353 F.3d 254, 260 (5th Cir. 2003) ("in this action involving the interpretation of insurance policies issued in Louisiana, Louisiana substantive law governs our decision."). "Under Louisiana law, an insurance policy is an agreement between the parties and should be construed in accordance with the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 206 (5th Cir. 2007). Louisiana Civil Code article 2046 provides that "[w]hen the words of a contract are clear and

explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."

In this case, Arch is not responsible for the Pan American negotiation efforts under the policy's plain language. The policy states "We will pay for direct physical loss of or damage to Covered Property caused by or resulting from any Covered Cause of loss." Covered cause of loss is then defined to include "all risk of direct physical loss or damages to Covered Property." Covered property includes:

 A. Aboveground piping;
 B. Aboveground and belowground "penstock";
 C. Communication equipment;
 D. Computer Equipment, "electronic data" and "media";
 E. "Fine arts";
 F. "Mobile Equipment" owned by the insured;
 G. "Mobile Equipment" rented or borrowed from others for or on behalf of an insured for which the insured is legally responsible;
 H. Outdoor property including signs;
 I. Paved surfaces;
 J. Property in the course of construction;
 K. Real and personal property of the Insured including the Insured's interests in improvements and betterments to buildings occupied but not owned by the insured;
 L. Real and personal property of others while in the care, custody, or control of the Insured, and for which the insured is legally liable;
 O. Trees, shrubs and landscape plantings;
 P. Property acquired after the inception of this policy until the next anniversary date without additional premium except that the following property will not be Covered Property unless it is reported to us within thirty (30) days of acquisition and any premium due thereon is paid:
  1. Any newly acquired single piece of property, other than "mobile equipment" whose value exceeds $500,000.
  2. Any property in the course of construction the completed value of which exceeds $100,000.
  3. Any newly acquired "mobile equipment" whose value exceeds $100,000. Property automatically covered under this section during the remainder of the coverage period in which it was acquired will not continue to have coverage under a subsequent coverage period, unless reported to us at the policy anniversary date;

> Q. Underground piping and valves located on the Insured's premises described in the Declarations or within 100 feet of the described premises; and
> R. "Valuable papers and records."

[Doc. No. 25, Exh. B].

These contractual provisions do not compel Arch to cover Pan American's negotiation efforts. Indeed, negotiation efforts are not a covered property under the policy's plain terms. To the extent Arch seeks dismissal of Tensas' claim for the costs of negotiation efforts, its motion is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

### C. Aggregate Surface and Site repairs.

Tensas claims reimbursement for Womack's "aggregate surface and site repair of the driveway with limestone and the land with top soil and sod." [Doc. No. 23-5, May 13, 2013 Denial Letter]. Arch has declined liability for these repairs for various reasons and has moved for summary judgment. At this stage in the litigation, however, issues of material fact foreclose that request.

Tensas claims that the disputed repairs stemmed from damage to a type of covered property; specifically, "property in the course of construction." Arch argues that the "property in the course of construction" was the water plant–not the driveway or other property. However, Tensas has raised a genuine issue of material fact for trial because the phrase "property in the course of construction" could be reasonably construed to cover damage to property as part of a construction effort, not just the property that is actually under construction (or reconstruction). Because "property in the course of construction" is ambiguous, summary judgment based on that provision is inappropriate. *See Greenwood 950, L.L.C. v. Chesapeake La., LP*, 683 F.3d 666, 670 (5th Cir. 2012) (finding that ambiguity in contract prohibited summary judgment). However, Arch also highlights other policy provisions, arguing that they compel this Court to deny Tensas' claims and grant its Motion for

6

Summary Judgment.

First, Arch points out that Section IV excludes coverage for "land." Thus, to the extent the driveway at issue was unpaved, it should be considered land and beyond coverage. But there is evidence in the record demonstrating that the driveway might have been paved.[2] It is inappropriate for this Court to resolve such a factual dispute.

Second, Arch argues that, even if the property at issue was a paved driveway, coverage is excluded by Section IV's Exclusion K, which withholds coverage for "damage caused by vehicles to paved surfaces." However, the record on this issue is not as clear as Arch indicates. A denial letter from Arch's third party adjuster claims that the repairs were needed as a result of heavy equipment being used to travel back and forth in an effort to repair the plant. [Doc. No. 23-5, p. 7]. The letter never explicitly says that vehicles caused the damage. At this stage, the Court draws reasonable inferences in the non-movant's favor, and will not grant Arch's motion based on the argument that vehicles caused the damage to the driveway.

Third, Arch argues that Womack's construction was defective, faulty, or inadequate and therefore excluded by Section VI of the policy which denies coverage for:

> Defective, faulty or inadequate:
> 1. Planning, zoning, development, surveying, siting, construction, building codes, ordinances, or building inspections;
> 2. Designs, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;
> 3. Materials, parts or equipment used in repair, construction, renovation, or remodeling; or...of part or all of any Covered Property unless a cause of loss not otherwise excluded ensues, in which case we will pay only for such ensuing loss.

---

[2] At one point, Arch's third-party adjuster sent Tensas a letter which stated: "as discussed the policy would not provide coverage for the damage to the paved driveway, vehicle, or purchase of water." [Doc. No. 25-9].

[Doc. No. 25, Exh. B].

This argument fails because Arch has not introduced any evidence showing that Womack's construction was defective, faulty, or inadequate. Damage to the disputed property might have been a necessary byproduct of the construction efforts. Moreover, as Tensas points out, Pan American monitored and inspected Womack's work. Pan American approved the work quality and completeness and recommended payment to Womack for the work it performed.

Because it is unclear whether the property was paved or unpaved, whether the damage to the driveway was caused by vehicles if it was a paved surface, and whether the Womack construction efforts were defective, faulty, or inadequate, Arch's Motion for Summary Judgment is DENIED to the extent it seeks dismissal of Tensas' claim for the cost of aggregate surface and site repair.

### III. Conclusion

For these reasons, Arch's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART. To the extent Arch seeks dismissal of Tensas' claim for failure to pay Pan American's negotiation costs, the motion is GRANTED, and that claim is DISMISSED WITH PREJUDICE. However, the motion is DENIED to the extent Arch seeks dismissal of Tensas' claims for aggregate surface and site repair costs.

MONROE, LOUISIANA, this 19th day of January, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE